UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY NATIONAL BANK and RA SOUTHEAST LAND COMPANY, LLC<br><br>                    Appellants,<br>v.<br>CHARLESTON ASSOCIATES, LLC,<br><br>                    Appellee. | Case No. 2:11-cv-02023-MMD-PAL<br><br>ORDER |

**I.     INTRODUCTION**

This case initially involved an appeal of the Bankruptcy Court's order granting summary judgment in favor of Charleston Associates, LLC ("Charleston") in an adversary proceeding that Charleston initiated. The Court reversed and directed the granting of summary judgment in favor of City National Bank ("CNB") and RA Southeast Land Company, LLC ("RAS"). Charleston appealed and the Ninth Circuit Court of Appeals affirmed. The Ninth Circuit then granted CNB and RAS's motion to transfer all requests for attorneys' fees for this Court to address pursuant to 9th Circuit Rule 39-1.8, and directed the Court to establish a briefing schedule. (ECF No. 110.) The Court has not set a briefing schedule, but CNB and RA Southeast have filed their respective motions for attorneys' fees ("Motions") (ECF Nos. 112, 115). These motions have been fully briefed.

The parties do not dispute that the Grant of Reciprocal Easements and Declaration of Covenants ("REA") provides that the prevailing parties — here, CNB and RAS — are entitled to reasonable attorney's fees and costs. (ECF no. 112 at 6; ECF No. 117 at 2; ECF No. 115-1 at 11; ECF No. 116 at 2.) Nor do they dispute that CNB is entitled to attorney's fees and costs under the July 21, 2009 Settlement Agreement. (ECF No. 115-1 at 10; ECF No. 116 at 2.) Their dispute unsurprisingly is whether the amount of fees requested — $333,669.61 by RAS and $423,956.45 by CNB[1] — are reasonable. They also dispute whether RAS and CNB are entitled to seek fees against New Boca Syndications Group, LLC ("NBSG"), who is not a party in this case.

For the reasons discussed below, the Motions are granted in part and denied in part.

## II. STANDARD GOVERNING AWARD OF FEES

The parties seeking attorney's fees must establish that the fees are reasonable. The district court "has a great deal of discretion in determining the reasonable of the fee." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010).

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to

---

[1] These fees were incurred up to the filing of the Motions. RAS and CNB have submitted supplemental declarations to support additional fees and costs incurred in connection with the Motions. (ECF Nos. 127, 128, 129, 131.)

2

>acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

## III.   RAS' MOTION

Charleston argues that RAS' fees are unreasonable because the issues on appeal were identical to the issues briefed and argued in the Bankruptcy Court and this Court, the majority of the work was performed by partners or "senior counsel" who billed at hourly rates that are higher than the Las Vegas market rate, and RAS's counsel often lump their time entries which makes it difficult to assess the reasonableness of the time spent. (ECF No. 117.) RAS contends that the hours spent was reasonable given Charleston's aggressive approach, counsel for RAS and CNB collaborated to avoid duplication of efforts, the development rights at issue justified the time spent by experienced attorneys, the issues raised were novel and required extensive research, the time billed was properly broken down by task and RAS's counsel already discounted their fees by 15% across the board. (ECF Nos. 112, 124.)

///

While the Court is not familiar with the parties' approach or the proceedings in connection with the appeal, the Court has an understanding of this case in general having considered the appeal from the Bankruptcy Court. There is no question that the stake in this case is significant given the development rights at issue to justify all parties utilizing experienced partners or senior attorneys at their counsel's law firm. Other than legal research, the work involved in connection with the appeal is generally the type one would expect to be performed by experienced partners. As to legal research, it is difficult to question the reasonableness of a more senior attorney's preference for doing their own legal research to be more versed in the issues than to delegate. The Court does not find that the staffing of multiple partners or the time expended in general to be unreasonable, except for RAS's fees in connection with the motion to supplement. The Court agrees with Charleston that given the circumstances under which the motion to supplement was filed and the denial of that motion, the fees incurred ($31,292.81) are unreasonable.

The Court also agrees with RAS that most of the time entries were not block-billed and for those entries that were lumped together, the time billed was for the most part not substantial. Moreover, the description of services for the most part is sufficiently specific for the Court to assess the reasonableness of the time spent. Thus, the Court does not find the time spent by counsel to be unreasonable in light of the development rights at stake and the novel and complex issues presented in this case.

Nor does the Court find that the rates charged to be unreasonable under the circumstances of this case. Charleston correctly points out that the prevailing rates for partners, associates and paralegals in the Las Vegas market are lower than the rates billed by RAS's attorneys. Indeed, a reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). However, in this case, the Bankruptcy Court already determined RAS's counsel's rates to be reasonable in

imposing fees pre-appeal to the Ninth Circuit. (ECF No. 112-4 at 58-59.) The Court agrees with the Bankruptcy Court's determination and recognizes that some rates may have increased slightly since then. Moreover, the Court agrees with RAS (and with CNB) that Charleston's counsel's hourly rates presents a benchmark for determine reasonableness of RAS and CNB' counsel's rate in this case. (ECF No. 124 at 9-10; ECF No. 122 at 9-10.) The Court finds that RAS's counsel's hourly rates are reasonable in context of this case.

### IV.   CNB'S MOTION

Charleston raises similar objections to the reasonableness of CNB's attorneys' fees, including the staffing of case with virtually all partners,[2] the practice of block-billing and the unreasonableness of the attorneys' rates.[3] The Court finds these arguments fall short as explained above.

In addition, Charleston challenges the documents offered in support of CNB's Motion in that only three time keepers offer declarations and no one confirms that the summaries of time billed accurately reflect the contemporaneous time keeping records. However, as CNB points out, its attorneys' declarations explain the category of tasks and provide contemporary time keeping records. (ECF Nos. 115-2, 115-3, 115-4.) Charleston also argues that the reasonableness of fees should involve a determination of what was paid and CNB fails to identify what it was billed or actually paid. (ECF No. 116 at 8-9.) CNB responded that it paid the fees billed, and received a discount of all Loeb & Loeb rates of 10%. (ECF No. 122-1 at 3.)

In sum, the Court finds that CNB's attorneys' fees are reasonable.

///

---

[2] Charleston also argues that the attorneys acted inefficiently when the partners edited their own and one another's motions. (ECF No. 116 at 19.) The Court disagrees that this practice shows attorneys acting unreasonably. It would be surprising if attorneys as experienced as those involved in this case do not edit their own work or have others help edit their work, particularly for documents filed on appeal.

[3] The Bankruptcy Court similarly resolved this issue in granting CNB's attorneys' fees pre-appeal to the Ninth Circuit. (ECF No. 115-2 at 307-309; ECF No. 122-2 at 3-5.)

## V.   FEES AGAINST NBSG

RAS and CNB request that the Court award fees against NBSG as Charleston's successor. (ECF No. 112 at 15; ECF No. 115-1 at 18.) The Court agrees with Charleston and NBSG. This case is before the Court by way of RAS and CNB appeal of the Bankruptcy Court's order granting summary judgment in the adversary proceeding. NBSG is not a party to this appeal. This is not the proper forum for RAS and CNB to seek to enforce the Court's award of fees against NBSG.

## VI.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motions.

It is therefore ordered that RAS's motion for attorneys' fees (ECF No. 112) is granted in part and denied in part. It is denied with respect to the fees incurred in connection with the filing of the motion to supplement and RAS's request to impose joint and several liability against New Boca Syndications Group. It is granted in all other respect, including fees incurred in connection with RAS's motion for attorneys' fees.

It is further ordered that CNB's motion for attorneys' fees (ECF No. 115) is granted with respect to its fees request; it is denied with respect to its request for the award of fees against New Boca Syndications Group.

RAS and CNB are directed to file, within fifteen (15) days, a proposed order for the award of fees and costs to them in accordance with this Order.

DATED THIS 28th day of March 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE